NO. 12-05-00114-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JERAMIE KEITH WARREN,                          §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
PER CURIAM
            Jeramie Keith Warren appeals his conviction for theft for which he was sentenced to two
years of confinement in a state jail facility. Appellant’s counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.
 
Background
            Appellant was charged by indictment with theft of property, the value of which was $1,500
or more but less than $20,000, a state jail felony.


 On November 22, 2000, Appellant entered an
open plea of guilty to the offense charged in the indictment. Appellant and his counsel signed an
acknowledgment of admonishments, a waiver of jury trial, an agreement to stipulate testimony, and
a written stipulation of evidence in which Appellant swore that all allegations pleaded in the
indictment were true. Appellant also requested a prejudgment/sentence investigation and report. 
On December 12, the trial court found Appellant guilty of the charged offense and sentenced him
to two years of confinement in a state jail facility.


 However, the trial court ordered that imposition
of the sentence be suspended and that Appellant be placed on community supervision for a period
of five years.


 The first condition of his community supervision was that he obey the law.
            On November 29, 2004, the State filed an application to revoke Appellant’s community
supervision alleging that on or about December 1, 2003, Appellant committed theft by check of the
value of $20 or more, but less than $500. The State also alleged that, by committing this offense,
Appellant failed to obey the law, thereby violating the terms of his community supervision. On
January 31, 2005, the trial court held a hearing on the State’s application. Appellant pleaded “true”
to the allegation that he was the same person placed on community supervision in this case. 
However, he pleaded “not true” to the State’s allegation that he violated his community supervision
by failing to obey the law. The trial court found the allegation “true.” Accordingly, the trial court
revoked Appellant’s community supervision and assessed punishment at two years of confinement
in a state jail facility. This appeal followed.
 
Analysis pursuant to Anders v. California
            Appellant’s counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. Appellant did not file a pro
se brief. From our review of Appellant’s brief, it is apparent that his counsel is well acquainted with
the facts in this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel’s brief presents a chronological summation of the procedural
history of the case and further states that counsel is unable to raise any meritorious issues for appeal.
We have likewise reviewed the record for reversible error and have found none.
            As required by Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits
of the appeal. Having done so and finding no reversible error, Appellant’s counsel’s motion for
leave to withdraw is hereby granted and the trial court’s judgment is affirmed.
 
Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)